May Term,
1845.

PARKINSON
v.
HANNA.

---

PARKINSON and Another *v.* HANNA.

A conveyance of real estate made to defraud creditors will, on their application, be set aside in chancery, if the grantee, before payment of the purchase-money, have notice of the fraud.

Tuesday,
June 3.

ERROR to the *St. Joseph* Circuit Court.

SULLIVAN, J.—This was a bill filed by *Hanna* to set aside a deed made by *Parkinson* to *Webster*, as fraudulent against *Hanna*, a creditor of *Parkinson's*. The facts stated in the bill are, that on or about the 1st of *February*, 1840, *Parkinson* was indebted to *Hanna* in the sum of 750 dollars, which, on being requested, he represented himself as being then unable to pay; that *Hanna* threatened him with a suit, which was actually commenced about the 1st of *March* following, and judgment was obtained at the next *October* term; that a few days before the suit was commenced, to wit, on the 28th of *February*, 1840, *Parkinson*, for the purpose of defrauding *Hanna*, conveyed to *Webster*, his co-defendant, who knew that *Parkinson's* object was to defraud the complainant, a

lot in the town of *South Bend*, at and for the pretended sum of 2,000 dollars, payable in ten years with interest annually in advance, and took from *Webster* a mortgage to secure the payment of the purchase-money; that *Parkinson* remained in the possession and enjoyment of the property, pretending and alleging that he did so, to secure the interest accruing to him on the purchase-money; that *Webster* has paid no part of the purchase-money nor of the interest to *Parkinson;* that he was at the time of said contract and still is insolvent; and that if said conveyance is permitted to stand, *Hanna* will not be able to realize any part of his judgment; that the sale was a mere contrivance to defraud the complainant, &c. It is further stated that an execution was issued on the judgment at law, by virtue of which judgment and execution, the lot was sold and purchased by *Hanna*, &c.

*Parkinson* admits in his answer the debt to *Hanna*, the judgment, the sale on execution, and the purchase by *Hanna* as stated in the bill. He admits also the conveyance to *Webster* at the time mentioned in the bill, and that he retained the possession of the premises. He admits his insolvency, and distinctly states that he is the owner of no property except such as is by law exempt from execution; but he denies the insolvency of *Webster*. He denies that the deed was made to defraud *Hanna*, and denies that he knew that *Hanna* was about to sue him. He says that having conveyed the property to *Webster*, he continued to occupy it under a lease from *Webster* for the term of two years, according to which the rent was to be applied to the payment of the interest of the purchase-money, and that at the expiration of the term, *Webster* would or might take possession, &c. *Webster* also answers, and admits that the property described in the bill was conveyed to him by *Parkinson* as stated by the complainant; he says that his purchase of it was *bona fide;* that he did not know at the time of the conveyance that *Parkinson* was indebted; he denies the charge of insolvency; admits that possession of the property was not formally delivered to him by *Parkinson;* and makes the same averment as to the lease to *Parkinson* for two years, &c., that is contained in *Parkinson's* answer.

Depositions were taken, and, at the hearing, the Court de-

creed in favour of the complainant, and set aside the deed from *Parkinson* to *Webster* as fraudulent and void.

According to the common law, as well as by the express provisions of our statute, a deed, or any other conveyance of lands, &c., made to hinder, delay, or defraud creditors, is. absolutely null and void.   To determine whether the deed from *Parkinson* to *Webster* is fraudulent and void or not, we will refer to the facts disclosed in the pleadings and proof.   And here we remark that as to *Parkinson's* intention in conveying to *Webster*, we think there can be no doubt.   It is admitted by his answer that, at the time of the conveyance, he was indebted to *Hanna,* and that, in a very few days after the deed was executed, suit was commenced and prosecuted to final judgment.   A witness swears that *Parkinson,* in anticipation of the suit, said that he would fix his property so that *Hanna* should not get it.   There is other testimony to the same effect.   He admits also his insolvency.   These facts bring him clearly within the decisions, which declare that a deed made by a debtor under such circumstances, is fraudulent as to creditors.

The next question is, was *Webster* a fraudulent grantee? for it is necessary before the deed can be declared void, that he should have been privy to the fraud.   *Dugan* v. *Vattier,* 3 Blackf. 245.—*Anderson* v. *Roberts,* 18 Johns. R. 515.   There is no direct proof that *Webster* knew of *Parkinson's* indebtedness at the time of the execution of the deed; but there is a principle, which, applied to the case, affects him with notice of the fraudulent intent of *Parkinson.*   *Webster's* purchase is not yet complete, that is, he has not yet obtained the conveyance, and paid the purchase-money.   Until he does both, his purchase, as to third persons whose rights are affected by it, is incomplete.   As a general rule, notice before actual payment of all the purchase-money, is equivalent to notice before the contract.   Even if the purchase-money be secured to be paid, yet if it be not in fact paid before notice, the plea of a purchase for a valuable consideration will be overruled.   2 Sugd. Vend. 274.—*Hardingham* v. *Nicholls,* 3 Atk. 304.   It is true, this rule is generally applied in the case of purchasers having a prior lien against subsequent purchasers, but the principle will as aptly apply in conveyances made to defraud creditors.   Under the operation of this rule, *Web-*

*ster* is chargeable with notice of the fraudulent intent of *Par-*
*kinson.* Indeed, if he were not, the law against convey-
ances made to defraud creditors would be a dead letter.
*Webster* has paid no part of the purchase-money, nor has he
taken possession of the property, or expended money upon it.
To subject it to the payment of *Hanna's* judgment, there-
fore, can do him no harm. In the language of Ld. *Hard-*
*wicke*, he is not hurt. But, on the other hand, if this sale
were holden to be *bona fide*, a sale on a credit of 20 or 30
years, no part of the purchase-money being paid, nor posses-
sion delivered by the vendor, and the rent to be set off
against the accruing interest, would also be valid, and credi-
tors would be at the mercy of their debtors.

Under all the circumstances of the case, we are of opinion
that the deed from *Parkinson* to *Webster* comes within the
statute prohibiting conveyances to hinder, delay, or defraud
creditors, and that it is therefore void.

*Per Curiam.*—The decree is affirmed with costs.

*J. A. Liston* and *J. H. Bradley*, for the plaintiffs.

*J. L. Jernegan*, for the defendant.