No. 10,400.

## KLIPPEL v. SHIELDS ET AL.

JUDGMENT.—*Payment.*—Payment by one primarily liable as a judgment debtor extinguishes the judgment.

SAME.—*Sheriff's Sale.—Assignment of Certificate.—Joint Judgment Debtor.*— The land of one of two joint judgment debtors, both principals, was bid in by the plaintiff, whereupon the other debtor paid the debt and took an assignment of the sheriff's certificate, and afterwards caused a sheriff's deed to be executed to his wife.

*Held*, that the wife took no title, the payment made having extinguished the judgment.

From the Jackson Circuit Court.

*E. C. Devore* and *R. M. Patrick*, for appellant.

*B. H. Burrell, F. Emerson* and *A. P. Charles*, for appellees.

ELLIOTT, J.—Appellant claims title to the real estate in controversy, and brought this action to recover possession of it, but was defeated on the trial.

We are without a brief from the appellee, and this has greatly increased our labor, as the record is voluminous and the questions involved not clearly disclosed. As we gather the facts, they are substantially as follows: On the 4th day of May, 1871, Thomas L. Ewing and Lycurgus Shields were indebted to James H. Green in the sum of $6,000, and to secure this indebtedness Ewing and wife executed a mortgage on land, but not on that in controversy; this mortgage was foreclosed in May, 1872, and a personal judgment rendered against Shields and Ewing for about $7,000; on the 7th of August, 1872, Ewing and wife conveyed the land here in dispute to Henry Loscent and John C. Brunett; on the 22d day of March, 1873, the land embraced in the mortgage to Green was sold by the sheriff and was bought by Green; the land did not sell for enough to pay the judgment, and other tracts of land belonging to Ewing were levied on, and among them was that here the subject of controversy; this

was sold by the sheriff on the 24th day of May, 1873, to Green, who afterwards assigned the sheriff's certificate to Lycurgus Shields; Green testified that Shields paid the judgment by executing two promissory notes, but neither he nor any other witness testified that there was any agreement that the notes should operate otherwise than as an ordinary payment of the judgment. It appears, therefore, that appellee's only title to the land is that derived through the sheriff's certificate issued on the sale made upon the joint judgment against him and Ewing. On the 23d of May, 1873, Loscent and wife, the grantees of Ewing, executed a mortgage to appellant on one-half of the land in controversy; on this mortgage decree and judgment were duly entered and sale regularly made to the appellant by the sheriff of Jackson county. On the 21st day of October, 1872, Brunett and wife executed a mortgage on the one-half of the land to Smith Vawter, and on this mortgage decree was entered and sale made to the appellant. The title of the party just named is rested upon the deeds made to him by the sheriff by virtue of the decrees and sales last mentioned.

We are unable to perceive any ground upon which the judgment of the trial court can legally rest. The payment of the judgment in favor of Green by one of the two joint debtors was an extinguishment, and, of course, this rendered it legally impossible to enforce it by the execution of a deed. Payment by one primarily liable as a judgment debtor extinguishes the judgment. *Harbeck* v. *Vanderbilt,* 20 N. Y. 395; *Booth* v. *Farmers, etc., Bank,* 74 N. Y. 228; *Hammatt* v. *Wyman,* 9 Mass. 138; *Preslar* v. *Stallworth,* 37 Ala. 402; *Towe* v. *Felton,* 7 Jones (N. C.) 216; *Hinton* v. *Odenheimer,* 4 Jones Eq. 406. There are cases where a different rule applies, as where the person who pays the debt occupies the position of surety or some similar relation, but the present case does not belong to that class. *Spray* v. *Rodman,* 43 Ind. 225.

The fact that the deed was made to the wife of Lycurgus Shields does not affect the operation of the rule. The pay-

ment was by him, and this had the effect to completely extinguish the judgment, and no further valid proceedings could be had upon it. *Myers* v. *Cochran*, 29 Ind. 256; *Shields* v. *Moore*, 84 Ind. 440. The controlling fact in such a case as this is the payment by one legally bound to pay, and the fact that an assignment is made to him or to some one else is not of controlling importance. If one whose duty it is to pay the debt makes the payment, then an assignment will not keep the debt alive. Sheldon Subrogation, section 50.

Judgment reversed.