Filed Sept. 18, 1884.

----

## No. 8889.

## SEAGER *v.* AUGHE ET AL.

FRAUDULENT CONVEYANCE.—*Complaint.— Vendor and Vendee.—Notice.—* A complaint to set aside a conveyance as fraudulent, which fails to allege that the purchaser participated in the vendor's fraudulent purpose, but in lieu thereof avers that such purchaser agreed to pay the consideration of such purchase to a third party, and was notified of the

plaintiff's claim and of the vendor's fraudulent purpose before the payment of the purchase-money, is not good unless it also avers that such third party had not accepted the promises of such purchaser, or that the same had been rescinded, in order to show that the purchaser was still indebted to the vendor.

SUPREME COURT.—*Evidence.*—*Record.*—Where the complaint is not in the record, the court can not say that the evidence supported it, and, therefore, can not say that a finding for the defendant was contrary to the evidence.

From the Tippecanoe Circuit Court.

*J. N. Sims,* for appellant.

*A. E. Paige* and *S. O. Bayless,* for appellees.

BEST, C.—The appellant brought this action against Samuel Aughe and Jesse Aughe, to set aside as fraudulent certain conveyances of real estate made by said Samuel to said Jesse, and to subject the same to the payment of a certain judgment the appellant had recovered against said Samuel Aughe.

The action was commenced in Clinton county. The complaint originally consisted of a single paragraph, to which a denial was filed. The issue was twice tried by a jury, each of which failed to agree, after which the venue was changed to the Tippecanoe Circuit Court. An amended complaint, consisting of three paragraphs, was filed. A demurrer was sustained to the third, the others were denied, a trial had, a finding made, and a judgment rendered for the appellees. A motion for a new trial, on the ground that the finding was contrary to the evidence, was overruled, and the rulings upon this motion and upon the demurrer are assigned as error. These will be noticed in the inverse order of their statement.

The third paragraph of the complaint averred, in substance, that on the 16th day of January, 1877, said Samuel, who then owed the appellant more than $1,000 and who was insolvent, conveyed to said Jesse by warranty deed, in which his wife joined, lots nine (9) and ten (10), in John Pierce's First Addition to Frankfort, of the value of $6,000, "in consideration of an agreement then and there made by said Jesse

with said Samuel, to pay to the Farmers Bank of Frankfort, a then unmatured note, of which the said Samuel was one of the makers, for about the sum of three thousand and five hundred and thirty dollars and sixty-five cents;" that said Samuel made said conveyance for the purpose of defrauding his creditors; "that afterwards, on the 1st day of March, 1877, the plaintiff's note being unpaid, he fully notified the said Jesse of its existence and asked him to secure the same, which he refused to do; that at the time he so notified the said Jesse of the existence of said note, the latter had not paid any part of the purchase-money of said property, and did not pay any part of said purchase-money for more than nine months thereafter," etc.

According to the averments of this paragraph, said Jesse was a purchaser for value, and as it is not averred that he participated in said Samuel's fraud, or knew of his purpose, the conveyance can not be deemed fraudulent as to him, unless the notice given him of the existence of the appellant's claim before the actual payment of the purchase-money rendered it so. Ordinarily, when a vendor fraudulently conveys his property for value, and notice of such fraudulent intent is given the purchaser before payment of the purchase-money, such purchaser is chargeable with the fraudulent intent of his vendor, and such transaction is deemed fraudulent, at least, to the extent of the unpaid purchase-money. *Parkinson* v. *Hanna*, 7 Blackf. 400; *Rhode* v. *Green*, 26 Ind. 83.

This rule, however, only obtains where the purchase-money remains unpaid, *i. e.*, where it remains due from the vendee to the vendor. Where the vendee has paid it to the vendor, or has obligated himself to pay it to another, it can not apply, as in either case nothing is due the vendor, and, consequently, nothing remains for his creditor. This being the rule of law, a creditor, who seeks to subject the unpaid purchase-money to the satisfaction of his claim, must show that it is due his

debtor. Unless this is shown the unpaid purchase-money can not be subjected to such claim, nor can such conveyance be deemed fraudulent. Tested by these rules, the paragraph in question was insufficient. The presumption undoubtedly is that unpaid purchase-money is due the vendor, and had nothing else been averred, the paragraph, in this respect, would have been sufficient; but it was averred that the purchaser agreed to pay a note of $3,530.65 to the Farmers Bank of Frankfort. This promise obligated him to make such payment, and rendered him personally liable to the bank. This promise the bank could enforce, and its acceptance of the promise exonerated him from any obligation to the vendor. There is no presumption that such promise was not accepted by the bank or had been rescinded by the parties. It must, therefore, be deemed a binding obligation, and, thus considered, the vendee can not be regarded as the vendor's debtor. Since the appellant alleged the purchaser's promise to pay the consideration of such conveyance to another, he should also have alleged that such promise had not been accepted, or had been rescinded by the parties before notice of acceptance, in order to show that notwithstanding such promise the purchaser was the vendor's debtor. The purchaser, by a simple notice, could not be compelled to pay the purchase-money twice, and it was, therefore, incumbent upon the creditor to show that the purchaser was not legally bound to pay the bank. For want of such averments the paragraph was insufficient, and the demurrer was properly sustained.

The motion for a new trial was based upon the ground that the finding was contrary to the evidence. The first and second paragraphs of the complaint upon which the cause was tried are not in the record, and in their absence we can not say that the evidence supported the material averments of either paragraph. Without them this reason for a new trial presents no question whatever.

This disposes of the only questions in the record, and as no error appears, the judgment should be affirmed.

PER CURIAM.—It is therefore ordered, upon the foregoing opinion, that the judgment be and it is hereby in all things affirmed, at the appellant's costs.

Filed June 21, 1884. Petition for a rehearing overruled Oct. 16, 1884.