## HUBBLE *v.* BERRY ET AL.

[No. 22,498. Filed November 26, 1913.]

1. EXECUTION.—*Sale.*—*Title and Rights of Purchaser.*—*Conveyance to Purchaser.*—*Time for Making.*—The holder of a sheriff's certificate of the sale of real estate under an execution, after the expiration of the period for redemption, has an equitable estate in the land requiring only the demanding of a deed to ripen into an absolute legal title, so that, although no deed has ever been demanded, the rights of a holder under such a certificate are not defeated by the expiration of the period during which the judgment remains effective as a lien on the land. pp. 517, 519, 520.

2. LIENS.—*Definition.*—A "lien" is commonly defined as a claim which one person holds on another's property as security for an indebtedness or charge. p. 519.

3. JUDGMENT.—*Judgment Liens.*—A judgment lien imports no more than security. p. 519.

4. LIMITATION OF ACTIONS.—*Nature of Limitation.—Purpose.*— Time limitations by which a right of action is barred did not exist at common law, but are of statutory creation, and the main purpose in the enactment of such statutes was to prevent the springing up of stale or fraudulent claims at great distances of time, when evidence of facts constituting valid defenses could not be obtained because of the lapse of time, defective memory, death, or removal of witnesses. p. 520.

5. JUDGMENT.—*Priority.—Certificate of Sale.—Assignment.—Record.—Necessity.*—Where a sheriff's certificate of the sale of real estate under an execution was duly recorded pursuant to §809 Burns 1908, §766 R. S. 1881, the failure of an assignee thereof to record the assignment would not affect the rights of such assignee as against one subsequently recovering judgment against the execution debtor, since such judgment creditor was charged with record notice of the outstanding certificate, and the ownership thereof did affect his rights or remedies. p. 521.

6. EXECUTION.—*Sale.—Title and Rights of Purchaser.*—While ordinarily any one may acquire title to land through the medium of a sheriff's sale, cases may arise in which the purchaser's relation to the judgment would bar him from such acquisition. p. 521.

7. JUDGMENT.—*Payment by One Jointly Liable.*—A judgment will usually be extinguished where one of the joint judgment debtors pays the obligation, except where the debtor so paying occupies the relation of surety. p. 521.

8. TRIAL.—*Issues.—Burden of Proof.*—Where there was an answer of general denial, the burden was on plaintiff to establish facts warranting her right to recover, and she cannot prevail if the court failed to find any fact necessary to support her contention. p. 522.

9. COURTS.—*Courts of Equity.—Review.—Presumptions.*—A court of equity looks at the substance rather than the form of a transaction, and a stated fact will be reviewed in the light of any legal presumption which environs it. p. 522.

10. EXECUTION. — *Sale. — Title and Rights of Purchaser. — Purchaser's Relation to Judgment.—Husband and Wife.*—Where, under an execution on a judgment against a husband and wife, land of the husband of a net value of less than $800 was sold and a certificate of sale issued by the sheriff, which was subsequently assigned to the wife for the price named in the certificate, the wife was not precluded, because of her relation to the judgment, from acquiring title through the certificate, since as against a judicial sale of her husband's land she was en-

entiled to a third under §3037 Burns 1908, §2499 R. S. 1881, in the absence of a finding of such facts as would exclude her from its provisions, and the husband was entitled to $600 as exempt from execution, so that even a voluntary gift of the property by the husband to the wife could not have affected the rights of his creditors.  p. 522.

From Sullivan Circuit Court; *Charles E. Henderson,* Judge.

Action by Ida M. Hubble against Matt H. Berry and another.  From a judgment for defendants, the plaintiff appeals.  (Transferred from the Appellate Court under §1405 Burns 1908, Acts 1901 p. 590.)  *Reversed.*

*Charles D. Hunt* and *Gilbert W. Gambill,* for appellant. *A. G. McNabb,* for appellees.

MORRIS, C. J.—Injunction suit by appellant against appellees, to enjoin the sheriff of Sullivan County from selling appellant's real estate on execution issued under a judgment, in favor of appellee Berry, against George Hubble, husband of appellant.  Appellee Berry answered separately in two paragraphs.  The first is a general denial, and the second alleges in substance the same facts afterwards stated by the trial court in its special findings.  The court overruled appellant's demurrer to this paragraph of answer, and the ruling is here assigned as error.  The court stated its conclusions of law, on the facts found, in favor of defendants. Appellant's exception to this conclusion, and the ruling on demurrer, are considered together.

The court found that appellant's husband, George Hubble, became the fee simple owner of the real estate in controversy in September, 1896; that at the January term, 1897, Allen and Stephen Newlin recovered a judgment, in the Sullivan Circuit Court, against him and appellant in the sum of $122.40, in a suit on a materialman's lien.  "That afterwards a decree on said judgment was issued to the sheriff of said county commanding him to sell said real estate to satisfy said judgment"; that the sheriff sold the same August

24, 1897, to the Newlins for the amount of the judgment and costs; that the sheriff issued a certificate of purchase to them, which was duly recorded in the *lis pendens* record; that on August 20, 1898, in writing, endorsed on the certificate, they assigned the same to one Albert Hubble; that thereafter, on the same day, the latter, in writing, endorsed on the certificate, assigned the same to appellant; that neither assignment was ever recorded in the *lis pendens* record, or elsewhere; that each assignment was made for a valuable consideration, to wit, a sum equal to the purchase price named in the certificate and interest; that appellee had no notice thereof, until after the execution to appellant of a sheriff's deed for the property, which occurred October 15, 1907; that appellee Berry never attempted to redeem said real estate; that on October 15, 1907, appellant presented the certificate of purchase to the sheriff, and demanded a deed for the land in dispute, and on the same day a deed was executed to her by the sheriff; that no demand for a deed was ever made until said time, which was more than ten years after the rendition of judgment, and execution of the certificate of purchase; that in October, 1902, appellee Berry recovered a judgment, in the Sullivan Circuit Court, against George Hubble in the sum of $180, which is in full force and effect; that at the time, and continually since, George Hubble was and has remained insolvent, and owns no property, aside from this in controversy, subject to execution; that in April, 1910, Berry caused the execution, here in question, to issue, and the sheriff levied on said property and advertised it for sale, and will, unless enjoined, sell it to satisfy Berry's judgment; that appellant was not a party to Berry's action, and was never indebted to him; that continuously since September, 1896, George Hubble has been a resident householder of Sullivan County, Indiana, and that he and appellant have, during all said time, resided on the land in dispute; that the real estate was worth $900 in 1897, and in 1910 was worth $1,500.

Appellee contends that there was no error committed, because the holder of a sheriff's certificate has not, prior to the execution of a deed, anything more than a lien 1. on the real estate; that this lien takes its character from the judgment lien, "and is therefore governed by the same period of limitations as the judgment out of which it arose". This theory is embodied in the second paragraph of answer, and was evidently adopted by the trial court, because the special finding states the same facts, substantially, as are pleaded in such paragraph. Counsel for appellant maintain that the statute prescribes no limitations on the life of a sheriff's certificate of purchase, and that mere lapse of time, though greater than the term of existence of a judgment lien, could not impair the right of appellee to a sheriff's deed, and that, when so executed, it related back to the date of the judgment. It is not contended by appellees that the facts here would invoke the application of the doctrine of laches. *Rucker* v. *Dooley* (1868), 49 Ill. 377, 95 Am. Dec. 614. The precise question here involved has never been determined by this court. If it could be conceded that a sheriff's certificate of purchase, executed under the provisions of §809 Burns 1908, §766 R. S. 1881, confers on the holder nothing more than the equivalent of the judgment lien, appellees' contention must prevail, for the judgment lien is a creature of statute and is limited in existence to the term of ten years. §635 Burns 1908, §608 R. S. 1881. Appellees' counsel relies especially on *Robertson* v. *VanCleave* (1891), 129 Ind. 217, 26 N. E. 899, 29 N. E. 781, 15 L. R. A. 68, where the holder of a sheriff's certificate of sale under execution sought, after the expiration of the year for redemption, to redeem the real estate therein described from a sale under a foreclosure decree on a prior lien. Redemption was sought by the certificate holder under §768 R. S. 1881, §811 Burns 1908, which conferred such right on the "owner" of the land. It was held that a holder of a sheriff's certificate of sale, was \

not the owner of the land, though the year of redemption had expired, and consequently could not redeem under §768, *supra,* but might do so as a creditor under §772 R. S. 1881, §815 Burns 1908. In the original opinion, by Elliott, J., it was said "We adjudge that the holder of a sheriff's certificate acquires a lien, and that he has a right to redeem as lienholder, but not as owner. * * * The owner of a certificate remains, we repeat, the holder of a lien, and of a lien only. * * * The basis of his lien is the judgment, for, without a judgment, his certificate would be absolutely ineffective. * * * it is the lien of the judgment that gives the holder of a certificate a right to redeem. The execution of the certificate is at most a strengthening of the judgment lien, and is no more than a step towards its enforcement. It creates no new character nor any new lien". On petition for rehearing it was held (129 Ind. 231) that "The appellants are right in asserting that with the expiration of the year allowed for redemption the holder of a sheriff's certificate for land sold on execution or decretal order does *acquire an equitable estate in the property.* * * * It does not follow, however, that he is, by reason of that fact alone, entitled to redeem under §768. That section provides for redemption by the owner or * * * 'any one holding either the legal or equitable title'. There is a very plain and marked distinction between an estate in lands and a title to lands. The appellants were the owners of an equitable *estate* in the land in controversy, but, to entitle them to redeem under §768, they were required to hold either a legal or an equitable title. * * * The expiration of the year allowed for redemption enlarges his rights, in this: That to his lien *on* the land is added an equitable interest *in* the land, which his act alone may ripen into a title. His right to a deed, instead of being contingent upon the action of others, has become absolute, and depends solely upon his own action. If he has done nothing to waive his right, no act of another can thereafter, without

his consent, deprive him of it, as might have been done by redemption before that time.'' (Italics ours.) Construing the quoted expressions from the original opinion, in connection with those quoted from the opinion delivered on the petition for rehearing, we are constrained to hold, that after the year for redemption has expired, the holder of a sheriff's certificate is invested with much more than the equivalent of the judgment lien. The common definition of "lien" is a claim which one person holds on another's property as a security for an indebtedness or charge. 5 Words and Phrases 4144. A judgment lien imports no more than security. *Mobile Bldg., etc., Assn.* v. *Robertson* (1880), 65 Ala. 382. A sheriff's certificate, however, after the expiration of the year for redemption, invests the holder with an equitable estate in the land, of such high character that it only requires his demand for a deed, to ripen it into an absolute legal title. *Robertson* v. *VanCleave, supra.* In *Maddux* v. *Watkins* (1882), 88 Ind. 74, it appears that Lewis Maddux and others recovered a judgment, against Watkins, in the Henry Circuit Court, in September, 1869; at that time Watkins owned certain real estate in that county, which he conveyed by warranty deed in October, 1869, to Augustus W. Watkins. In June, 1870, the land was sold on execution, issued on the Maddux judgment, to the judgment creditors, to whom a certificate of purchase was issued. There was no redemption by the owner. The certificate of sale was assigned to Thomas Maddux and Horatio Sexton, who demanded and procured a deed for the land on August 16, 1881. In the meantime Augustus Watkins had conveyed the land for full value to appellees who had no actual knowledge of the judgment, sale, or nonredemption. It was held by the trial court that the record of the judgment, execution and sale was not constructive notice to a good faith purchaser, of the nonredemption by the owner during the year allowed for redemption. In the opinion, this court

said: "There is no provision in the statute which required the holders of such certificate to demand of the sheriff the execution of the proper deed of conveyance, either immediately upon the expiration of the year allowed by law for the redemption * * * or within any specified time thereafter. * * * At the expiration of one year from the date of the sale, the property not having been previously redeemed, the right and title of the holders of the certificate to a deed * * * became absolute under the statute, and so continued until such deed was demanded and executed."
The above doctrine was approved in *Ringle* v. *First Nat. Bank* (1886), 107 Ind. 425, 8 N. E. 236; and *Turpie* v. *Lowe* (1902), 158 Ind. 314; 62 N. E. 484, 92 Am. St. 310.

At common law, a right of action was not barred by lapse of time, and time limitations of such rights are of statutory creation. 25 Cyc. 985. It is generally conceded that

4. the main purpose in the enactment of such statutes was to prevent the springing up of stale or fraudulent claims at great distances of time and surprising parties, or their representatives, when evidence of facts constituting valid defenses could not be obtained because of the lapse of time, defective memory, death, or removal of witnesses. 25 Cyc. 983. No such reason could be urged for limiting

1. the time within which a holder of a sheriff's certificate should surrender it and demand a deed. Our statute (§809 Burns 1908, §766 R. S. 1881) requires a duplicate of the certificate to be filed with the clerk and recorded in the *lis pendens* record, and the purchaser's right to a deed, after the lapse of one year, is established, not by oral evidence, but exclusively by a public record. There is sound reason for the presumption that the failure of the legislature to limit the time for demanding a deed is found in the absence of any useful purpose that would be subserved by such an enactment. In our opinion the certificate here in controversy invested appellant with more than a mere judgment lien, and that the validity of the deed executed to her in

1907, was not impaired by the fact that no demand therefor was made for a period of more than ten years after the rendition of judgment and issuance of the sheriff's certificate.

It is suggested by appellees' counsel that the fact that appellant failed to have her assignment of the certificate recorded pursuant to the provisions of §809 Burns 1908, §766 R. S. 1881, bars her right to recover.

5.

There is here no controversy between the assignees of the certificate. Appellee Berry, when he recovered his judgment in 1902, was charged with record notice that there was an outstanding certificate of purchase. Whether the Newlins or some one else owned the certificate did not affect Berry's rights or remedies.

Appellees' counsel further claims that the court's conclusion of law on the facts found is correct because, as claimed, the findings, properly interpreted, show that the judgment was paid and the lien extinguished, on August 20, 1898, when appellant, a joint judgment debtor, took an assigment of the certificate; and in support of their claim they cite *Kippel* v. *Shields* (1883), 90 Ind. 81; *Caley* v. *Morgan* (1887), 114 Ind. 350, 16 N. E. 790; *Zimmerman* v. *Gaumer* (1899), 152 Ind. 552, 53 N. E. 829, and other cases.

6.

Ordinarily any one may acquire title to land through the medium of a sheriff's sale, but there may be cases where the purchaser's relation to the judgment is such that he is barred from such acquisition. *Birke* v. *Abbott* (1885), 103 Ind. 1, 1 N. E. 485, 53 Am. Rep. 474. A judg-

7.

ment will usually be extinguished where one of the joint judgment debtors pays the obligation. However, if the debtor making the payment occupies the relation of surety, such rule does not apply. *Kippel* v. *Shields, supra.*

It is not found that appellant was surety in the Newlin judgment. There was an answer of general denial here, and the burden was on appellant to establish facts warranting

her right to recover. If the court has failed to find any facts necessary to support her contention, she cannot prevail. *Donaldson* v. *State, ex rel.* (1906), 167 Ind. 553, 78 N. E. 182. It is true that the court finds that the certificate was assigned to appellant, but a court of equity looks at the substance rather than the form of a transaction, and a stated fact will be viewed in the light of any legal presumption which environs it. It is not found that appellant was a surety, and were it not for other facts found by the court, which are not discussed by appellees' counsel, it might well be doubted if appellant's relation to the Newlin judgment was not such as to preclude her from acquiring title to the land through it. It is expressly found that in 1897, the land was worth only $900, and that George Hubble was a householder. The certificate was assigned to appellant in August, 1898, before the year for redemption had expired. At that time, a fair construction of the finding shows that after deducting the charge of the Newlin indebtedness, the net value of the property was less than $800. The wife was entitled to a third, and the husband was entitled to $600 as exempt from execution, and consequently the property had not sufficient value to satisfy any demand of another creditor of the husband. *Smith* v. *Selz* (1887), 114 Ind. 229, 16 N. E. 524. Under such circumstances the husband could make a voluntary gift of the property to the wife and not affect any rights of the husband's creditors. *Brigham* v. *Hubbard* (1884), 115 Ind. 474, 17 N. E. 920. It is not claimed that there was any actual fraud in appellant's purchase of the certificate. In view of the above facts, we are of the opinion that the doctrine declared in *Kippel* v. *Shields, supra*, and cases following it, does not apply, and that appellant was not precluded, because of her relation to the Newlin judgment, from acquiring title through the certificate, and it follows that the court erred in concluding that the law was with appellees.

The judgment is reversed with instructions to the trial

court to restate its conclusions of law, and for further proceedings in accordance with this opinion.

NOTE.—Reported in 103 N. E. 328. See, also, under (1) 17 Cyc. 1264, 1340; (2) 25 Cyc. 660; (3) 23 Cyc. 1350; (4) 25 Cyc. 983, 985; (5) 4 Cyc. 59; (6) 17 Cyc. 1253; (7) 23 Cyc. 1470; (8) 31 Cyc. 679; 38 Cyc. 1968, 1985; (9) 16 Cyc. 134; (10) 17 Cyc. 1255. As to fraudulent conveyances between husband and wife, see 19 Am. St. 657; 20 Am. St. 715; 90 Am. St. 497. On the question of burden of proof as to fraud against creditors in transfer from husband to wife, see 56 L. R. A. 823. As to the nature of the title or estate of the holder of a sheriff's certificate before obtaining a deed, see 15 L. R. A. 68.