BOSSERT, RECEIVER *v.* FLETCHER AMERICAN NATIONAL
BANK OF INDIANAPOLIS.

[No. 15,011.   Filed October 15, 1935.]

*Will W. Reller,* and *Wiles, Springer & Roots,* for appellant.

*Wm. H. Thompson, Albert L. Rabb, Thomas D. Stevenson,* and *Julian C. Ralston,* for appellee.

CURTIS, P. J.—The appellant brought this action in replevin in his capacity as receiver of the partnership known as J. P. Kennedy & Company, to recover the immediate possession of certain promissory notes executed by various makers to the said J. P. Kennedy & Company and by it pledged to the appellee as collateral security for a loan.  The second paragraph of complaint upon which the case rests (the first paragraph

having been dismissed by the appellant) contains the following allegations among others : That said "partnership was engaged in the business of owning and operating a banking business in the town of Liberty, Union County, in the State of Indiana, under the firm name of J. P. Kennedy and Company and which banking house and business, owned and conducted by said firm and partnership, was known as Citizens Bank. . . ." and that "said Citizens Bank, owned and conducted by said partnership of J. P. Kennedy and Company, was at all times mentioned herein a private bank and subject to the laws of the State of Indiana governing private banks . . ." It is further alleged that "said J. P. Kennedy and Company, shortly prior to the closing of said bank, executed and delivered to the defendant herein its certain promissory notes in the principal amount of Thirty-four Thousand Dollars ($34,-000.00), and pledged as collateral security for the payment thereof the following described promissory notes made payable by the makers thereof to said J. P. Kennedy and Company, and which notes are more particularly described as follows:" Here follows a detailed statement and general description of said notes and also the following allegations: "Plaintiff further alleges that at the time that said notes, herein described, were delivered by said J. P. Kennedy and Company to said defendant, the depositors in said bank had a first lien on all of said notes, herein described, in case said bank was wound up, to the amount of their several deposits; that said bank is now being liquidated, and that said lien is now and has at all times been, in existence in favor of the depositors of said bank, and that said defendant took said notes herein mentioned, subject to said statutory lien, and that said notes herein mentioned, now being required for payment of the claims of depositors in said bank, said receiver is entitled to

the possession thereof, and for and on behalf of said depositors he is the lawful owner thereof, and said defendant has no right, claim, or interest in or to said notes.

Plaintiff further alleges that said defendant is not a depositor of said bank owned and operated by said J. P. Kennedy and Company, and that said defendant is only a general creditor of such partnership.

Plaintiff further alleges that said property has not been taken for a tax assessment or fine, pursuant to a statute; that the same has not been seized under execution or attachment against the property of this plaintiff; that the estimated value of said property is Fifteen Thousand Dollars ($15,000.00); that said property is believed to be detained in said Marion County, State of Indiana." The complaint ends with the usual allegations as to ownership, right of possession, wrongful detention, demand and damages.

To the above paragraph of complaint the appellee addressed a demurrer upon the ground of insufficient facts to state a cause of action. The specifications of the memorandum of the demurrer are as follows:

I.

"It affirmatively appears from said paragraph of complaint that defendant holds the promissory notes sought to be replevied under and by virtue of a valid contract of pledge.

II.

"It affirmatively appears from the allegations of said paragraph of complaint that the defendant is the holder in due course of the promissory notes sought to be replevied.

III.

"No facts are pleaded, nor allegations made, in said paragraph of complaint, to show that defendant, prior

to accepting the pledge or hypothecation of said promissory notes, or prior to loaning money to the partnership described in said paragraph of complaint, was on any notice, or had any information, that said partnership was not in fact the owner of said promissory notes, or that said partnership did not have full right and power to make a valid pledge thereof.

### IV.

"Said paragraph of complaint affirmatively shows that said promissory notes were made, by the makers thereof, to said partnership, and that said partnership assigned, pledged and delivered the same to the defendant, and said paragraph of complaint fails to plead that any of said notes were past due when the same were assigned, pledged and delivered to the defendant, or that the defendant did not give value for the pledge, assignment and delivery thereof.

### V.

"Said paragraph of complaint fails to allege that the defendant knew, or was put upon notice, that said promissory notes sought to be replevied belonged to said Citizens Bank, mentioned in said complaint, or that said notes did not in fact belong to said bank.

### VI.

"No facts are pleaded showing that the lien of defendant's said pledge is in any respect void, voidable, invalid or unenforceable.

### VII.

"Said paragraph of complaint shows affirmatively that J. P. Kennedy and Company is a partnership, that certain individuals compose said partnership, that said partnership owned and operated said Citizens Bank, that the plaintiff is the receiver of said partnership, and that said partnership and said bank were separate

and distinct entities, either of which was capable at law of transacting business and did transact business.

## VIII.

"Said paragraph of complaint fails to allege that the only business or property owned by said partnership, known as J. P. Kennedy and Company, was said Citizens Bank, or that the only business transacted by said partnership was the operation and management of said Citizens Bank.

## IX.

"It affirmatively appears from said paragraph of complaint that the notes sought to be replevied never were assets of the Citizens Bank, a private bank organized and doing business under Chapter 113 of the Acts of the Sixty-Fifth Regular Session of the General Assembly of the State of Indiana, and therefore are not and never were subject to any lien in favor of the depositors in such bank.

## X.

"The lien upon assets of a private bank organized under the laws of the State of Indiana, such as said Citizens Bank, imposed by said Chapter 113 of the Acts of the Sixty-Fifth Regular Session of the General Assembly of the State of Indiana, attaches only at, and not prior to, the winding up of such bank, and upon the assets then owned by such bank; and it affirmatively appears from the allegations of said paragraph of complaint that the notes sought to be replevied were not assets of said bank, if ever, at the time it was wound up.

## XI.

"The lien of depositors in a private bank, organized under the laws of the State of Indiana, as was the Citizens Bank, could not attach to more than the equity of the pledgor (if it could attach to anything) in the notes sought to be replevied.

## XII.

"The allegations of said paragraph of complaint to the effect: (a) that the plaintiff was appointed receiver of said partnership of J. P. Kennedy and Company, and by virtue of such appointment was authorized to take charge of all the property and assets of said partnership and of said private bank (Citizens Bank); (b) that the depositors of said bank have a first lien on the promissory notes described in said paragraph of complaint; and (c) that the defendant is only a general creditor of said partnership of J. P. Kennedy and Company, are mere conclusions of law, add nothing to a statement of a cause of action by said plaintiff against this defendant, and each of said conclusions is shown to be erroneous by other allegations of said paragraph of complaint."

The trial court sustained said demurrer and the appellant refused to plead further, electing to stand on said ruling, whereupon judgment was entered that he take nothing by his said complaint and that he pay the costs of said action. Exceptions were duly reserved and this appeal prayed and perfected, the errors relied upon for reversal being as follows: 1. The court erred in sustaining appellee's demurrer to the second paragraph of appellant's complaint, in this cause. 2. The court erred in rendering judgment against the appellant, and in favor of appellee, in this cause.

The appellants rely upon the provisions of the Private Bank Act, Sections 3925 to 3938, inclusive, Burns R. S. 1926, §§18-2701 to 18-2714, inclusive, Burns 1933, §§8028 to 8036, inclusive, Baldwin's 1934, and particularly upon section eleven of said act (Burns R. S. 1926, Sec. 3934) which is as follows: "The depositors in any such bank shall have a first lien on the assets of such bank, in case it is wound up, to the amount of their several deposits. And for any balance remaining unpaid,

such depositors shall share in the general assets of the owner or owners alike with general creditors." The main contention of the appellant is centered around the propositions stated in his brief as follows: "Section 11, of the Private Banking Act, creates a lien in favor of the depositors of such bank; this section of our statute was designed to protect and safeguard the depositors in such an institution and to save them free and harmless, insofar as it was possible so to do, from loss. Every person, bank, partnership or corporation dealing with such Private Banks, did so subject to such act.

"The complaint, now before this court, contains the allegation, as follows:

> " 'It will be necessary to use all of the property, and the assets of said bank, including the notes, hereinafter mentioned, and the proceeds thereof, in the payment and satisfaction of the claims of depositors of such bank.'

"The Private Banking Act, Burns 1926, Section 3925 to, and including, Section 3938, gives a first lien on the assets of a private bank, in case it is wound up, or liquidated, to the depositors. This is a lien created by statute, and every person dealing with such bank is bound by such statutory lien."

The appellee contends that the complaint fails to state a cause of action because it does not appear therefrom, that: "(1) the notes in suit were the assets of a private bank, within the meaning of the statute, so that the statutory lien could attach; and that (2) such lien, if it exists with respect to the notes in suit, displaces the prior lien of appellee's pledge; and if so, (3) such lien can be enforced in an action of replevin."

We note that there is no allegation in the complaint of fraud or overreaching in connection with the transaction by which the said notes were pledged as collateral security for the said loan obtained from the appellee. The said transaction was, so far

as the allegations of the complaint are concerned, in good faith and in the usual course of business of both banking institutions. Even from the most favorable point of view to the appellant we do not see favorably his contention above set out to the effect that there is a continuing statutory lien under the said statute in favor of the depositors of such a private bank upon such assets as are described in the complaint, that supersedes a duly created lien made in the usual course of business of such bank with another bank such as the appellee by which such other bank loans money to such private bank upon a collateral pledge of such assets. The following cases have been helpful: *Atlas Securities Company* v. *Grove* (1922), 79 Ind. App. 144, 137 N. E. 570; *Hanch* v. *Ripley* (1890), 127 Ind. 151, 26 N. E. 70; *Ward et al.* v. *Yarnelle et al.* (1910), 173 Ind. 535, 91 N. E. 7; *Hubble* v. *Berry et al.* (1913), 180 Ind. 513, 103 N. E. 328.

In view of the fact that the case is determined by the above proposition of law we do not deem it necessary to discuss the other points raised by the demurrer.

The demurrer was correctly sustained.

Judgment affirmed.