## BOSSERT, RECEIVER v. FLETCHER AMERICAN NATIONAL BANK OF INDIANAPOLIS.

[No. 15,012.   Filed October 16, 1935.]

*Will W. Rell,* and *Wiles, Springer & Roots,* for appellant.

*Wm. H. Thompson, Albert L. Rabb, Thomas D. Stevenson,* and *Julian C. Ralston,* for appellee.

CURTIS, P. J.—The appellant brought this action in his capacity as receiver of the partnership known as J. P. Kennedy & Company, to recover upon the theory of money had and received, the amount collected by the appellee upon certain promissory notes executed by various makers to the said J. P. Kennedy & Company and by it pledged to the appellee as collateral security for a loan. The second paragraph of complaint upon which the cause rests contains the following allegations, among others:   That said "partnership was engaged in the business of owning and operating a banking business in the town of Liberty, Union County, in the State of Indiana, under the firm name of J. P. Kennedy and Company and which banking house and business, owned and conducted by said firm and partnership, was known as Citizens Bank. . . ." and that "said Citizens Bank, owned and conducted by said partnership of J. P. Kennedy and Company, was at all times mentioned herein a private bank and subject to the laws of the State of Indiana governing private banks . . ." It is further alleged that a short time prior to the closing of said bank, said J. P. Kennedy and Company executed and delivered to the

defendant herein its promissory note, as follows, to wit: said note calling for the principal sum and amount of Thirty-Four Thousand Dollars ($34,000.00), and pledged as collateral security for the payment thereof a large number of notes made payable by the makers thereof to said J. P. Kennedy and Company, which said notes so pledged as collateral security, as aforesaid, aggregated in amount the sum of approximately Sixty-Five Thousand Dollars ($65,000.00). That thereafter said defendant herein, and continuously since said notes were so pledged, and up to the time of filing this complaint herein, has collected, and still collects, said notes so pledged as collateral security, as aforesaid, and that said defendant, herein, has collected on said notes, so pledged as collateral security, the sum of Thirty Thousand Dollars ($30,000.00), which said sum of money, so collected, said defendant now has and holds.

Said plaintiff, herein, further alleges and says that at the time said notes, herein described, which were pledged as collateral security, were delivered by said J. P. Kennedy and Company to said defendant bank, the depositors in said bank had a first and prior lien on all of said notes, herein mentioned, in case said bank was wound up, to the amount of their several deposits; that said bank is now being liquidated, and such liquidation has been in progress since the —— day of ——————, 1929, the date of the appointment of the receiver herein, and that said lien is now, and has been at all times, in existence in favor of the depositors of said bank, and that said defendant, herein, took all of said notes, herein mentioned, subject to the said statutory lien, and that all the sums of money which said defendant has collected on said notes, which is now required for the payment of the claims of depositors in said bank, and all of which said receiver is entitled to have and recover of and from the defendants, herein, all sums and amounts, which said defendant has collected and received on said notes, aforesaid.

That said defendant, herein, is not a depositor of or in said bank owned and operated by said J. P. Kennedy and Company.

WHEREFORE, plaintiff prays, herein, that judgment be rendered in his favor, on this paragraph of his complaint, herein, in the sum of Thirty Thousand Dollars ($30,000.00), and will the court grant all other and proper relief in the premises.

To the above paragraph of complaint the appellee addressed a demurrer upon the ground of insufficient facts to state a cause of action. The specifications of the memorandum of the demurrer are identical in legal effect to the specifications set forth in the companion case of *Bossert, etc.* v. *The Fletcher American National Bank of Indianapolis* [to which reference is hereafter made] with the exception that a 13th specification of demurrer was added in the instant case which we set out as follows:

"Plaintiff's remedy, if any, is by suit in equity and not an action at law."

The trial court sustained said demurrer and the appellant refused to plead further, electing to stand on said ruling, whereupon judgment was entered that he take nothing by his said complaint and that he pay the costs of said action. Exceptions were duly reserved and this appeal prayed and perfected, the errors relied upon for reversal being as follows: "1. The court erred in sustaining appellee's demurrer to the second paragraph of appellant's complaint, in this cause. 2. The court erred in rendering judgment against the appellant, and in favor of appellee, in this cause."

The law questions presented in this appeal are identical with those presented in the companion case of *Bossert, Rec., etc.* v. *The Fletcher American National Bank of Indianapolis*, being cause number 15,011 of this court, decided on the 15th day of October, 1935, *ante*, p. 557, 197 N. E. 708. We are of the opinion that the ruling of the trial court upon the demurrer was correct in the instant case. Upon the authority of the case last above mentioned the judgment herein is affirmed.

Judgment affirmed.