### JAMESON ET AL. *v.* DILLEY.

[No. 3,877.   Filed October 11, 1901.]

FRAUDULENT CONVEYANCES.—*Consideration.*—To render a conveyance subject to attack by creditors of grantor, where it is shown that it was made to defraud them, it is not necessary to show that there was no consideration of value whatever, but it will avail the attacking creditors to show that the consideration, though valuable, was so inadequate that the conveyance, if permitted to stand, will manifestly result in appreciable injury to the creditors, and that they will be appreciably benefited by subjecting it to the payment of their claims without material injury to the innocent purchaser. *pp. 430-434.*

SAME.—*Evidence.*—In an action by a creditor to set aside a conveyance of real estate as fraudulent, there was evidence from which the court might have found that the property was worth $2,000; that the debtor conveyed the property to his mother, she assuming a mortgage thereon of $700 and interest as a consideration; that she conveyed it to the debtor's brother, reserving a life interest, he assuming as a consideration for such conveyance a mortgage of $800, which had been given for borrowed money to pay the mortgage assumed by the mother; that the indebtedness to plaintiff prior to the conveyance was $966.35.   *Held,* that the evidence was sufficient to sustain a finding and judgment setting aside the conveyances, subject to the lien of the mortgage.   *p. 435.*

From Cass Circuit Court; *D. H. Chase,* Judge.

Action by Clinton L. Dilley against George W. Jameson and others to set aside a conveyance of real estate as fraudulent.   From a judgment for plaintiff, defendants appeal. *Affirmed.*

*G. W. Walters* and *G. W. Funk,* for appellants.

*J. C. Nelson, Q. A. Myers, S. T. McConnell* and *A. G. Jenkines,* for appellee.

BLACK, C. J.—The appellee sued to recover upon an account against the appellant George W. Jameson, and to set aside a conveyance of certain real estate in Logansport from the latter to his mother, the appellant Sarah E. Jameson, and a conveyance from her to the other appellant, her son, Willard M. Jameson, as having been made to defraud creditors of the first grantor, including the appellee. A motion for a new trial was overruled, and the appellants insist that the evidence was insufficient to sustain the finding as against the appellants Sarah and Willard.

The evidence sufficiently showed the fraudulent intent charged of the appellant George W. Jameson in the conveyance of the property. That fraud on his part, as charged, was sufficiently proved, and that his indebtedness, at and prior to the conveyance, to the appellee in the amount found due by the court, $966.35, for cement bought by him of the appellee, between June 21st and October 27, 1898, was sufficiently established, there seems to be no question.

He made the conveyance to his mother by his warranty deed, dated November 28, 1898, she by its terms assuming and agreeing to pay, as part of the purchase money, the principal of two certain mortgages on the property, which he had theretofore assumed, one for $400, with interest, and the other for $300, with interest. On the 27th of December, 1898, she, by her warranty deed, conveyed the property to her son, the appellant Willard M. Jameson, he by its terms assuming as part of the purchase money a certain mortgage on the property for $800, dated December 6, 1898, and she reserving to herself a life estate in the premises during her natural life. The mortgage so assumed by the appellant Willard had been given for borrowed money with which the two mortgages so assumed by his grantor had been paid off. The mortgage for $800 constituted the

only encumbrance on the property. At the time of the conveyance made by George, he had no other property except a horse and buggy, which he also disposed of, and he remained "execution proof" thereafter. He was unmarried, and so continued to be, and from the time of his purchase of the property and thereafter, and at the time of the trial, he resided in the property with his mother, paying her for his board. His mother did not pay him any cash at the time of the conveyance to her.

The appellant Willard lived in Arkansas, and had not resided in Indiana for many years, but he occasionally visited his mother at Logansport. At the time of the trial, March 3, 1899, he had last visited her, for about a week, in December, 1898, when she conveyed the property to him, and he returned to Arkansas soon after the conveyance. Willard did not at the time of the conveyance to him or thereafter pay or give his grantor anything of value. After the conveyance to him, his mother had no money invested in the property, and held no interest therein except a life estate therein. The deed of conveyance from George to his mother was recorded December 6, 1898, and was delivered by him to her after it was recorded, and she had not theretofore seen it, but they had talked of it "all along." She did not know why it had not been recorded until some time after its date. There was evidence from which the court might have found the property to have been worth $2,000 or $2,500 at the time of the conveyance to the mother and thereafter.

On the trial, the court found, amongst other things, that the deeds in question should each be set aside, and the lands therein described should be sold as other lands are sold on execution, without relief, etc., to pay and satisfy the appellee's claim, interest, and costs, "but subject always to the mortgage thereon executed by Sarah E. Jameson, which the court finds is a valid and senior lien on said real estate."

As part of the judgment of the court, it was decreed that the deeds in question, including the assumption clauses

therein, be set aside, vacated, and annulled, that the real estate be sold at sheriff's sale as other lands are sold on execution, as the property of the judgment debtor, to pay and satisfy the judgment, etc., the sale to be made subject to the mortgage for $800 above mentioned, etc.

The complaint charged that the appellant George W. Jameson executed his conveyance to his mother, the appellant Sarah, for the purpose of defrauding the appellee, without any consideration passing therefor from the grantee to the grantor, and that, in furtherance of said fraudulent purpose, the appellant George procured the execution by his grantee of the deed to his brother, Willard, without any consideration from Willard to his grantor or the appellant George, or either of them, and that said conveyances were made for the sole purpose and with the intent to hinder, delay, and defraud the creditors of the appellant George, including the appellee, etc.

Counsel for appellants point out that the complaint does not charge that the successive grantees or either of them had knowledge or notice of the intention on the part of the first grantor to defraud his creditors, or that they participated in his fraud, but does charge that the conveyances were executed without consideration; and counsel, referring to the rule that the plaintiff must recover, if at all, upon the theory of the complaint, insist that the evidence shows that there was a consideration to support each of the conveyances; that in the conveyance by George to his mother she assumed the payment of two mortgages aggregating $700; and that Willard, in the conveyance to him, assumed a mortgage for $800 and took the property burdened with the life estate of his grantor.

It is contended by counsel that if the plaintiff in such an action relies on a partially voluntary conveyance, the fact should be so alleged in pleading, and that under a complaint alleging no consideration there can be no recovery upon evidence that the conveyance was partially voluntary.

Jameson *v.* Dilley.

A conveyance of any estate in land made with intent on the part of the grantor to hinder, delay, or defraud his creditors is void as to the persons sought to be defrauded, if the conveyance be without a valuable consideration, whether the grantee has or has not notice of the fraud; but the title of a purchaser for a valuable consideration will not be so rendered invalid, unless it shall appear that he had previous notice of the fraudulent intent of his immediate grantor, or of the fraud rendering void the title of such grantor. §§6645, 6648 Burns 1901, §§4920, 4923 Horner 1897.

To render a conveyance subject to attack by creditors of the grantor, where it is shown that it was made with intent to defraud them, it will not be necessary to show that there was no consideration of value whatever, but it will avail the attacking creditors to show that the consideration, though valuable, was so inadequate that the conveyance, if permitted to stand in full force, will manifestly result in appreciable injury to the creditors, and that they will be appreciably benefited by subjecting it to the payment of their claims without material injury to the innocent purchaser.

In Bump on Fraud. Conv., §265, it is said that in case of an inadequate consideration, a court of equity can do full justice to all parties by allowing the deed to stand as security for the consideration actually paid, and appropriating the balance of the payment of the vendor's debts. "If there is any difference between the price paid and the actual value of the property, courts of equity will therefore regard the conveyance to the extent of the difference as voluntary. * * * It is difficult to say what will amount to an inadequate consideration, and no general rule has been or can be laid down. Each case must depend upon its own circumstances. The consideration, however, must be palpably less than the real value of the property, or what it would bring at public sale in the market, or what it might reasonably be supposed that the vendor would have taken from any other person."

In *Smith* v. *Selz,* 114 Ind. 229, it was observed by the court that if a court of equity finds that property has been purchased from a failing debtor, without any positive fraud on the part of the purchaser, and yet under such circumstances as to make it highly injurious and inequitable as to creditors that the transaction should stand, a conveyance may be set aside upon such terms as will protect the purchaser whose purchase is only constructively fraudulent; that, in the exercise of its flexible jurisdiction, a court of equity may set aside a conveyance as fraudulent in law, when the disparity between the actual value of the property conveyed and the purchase price is so great as to be legally injurious to creditors, and to constitute a fraudulent diversion of the debtor's property, or it may, under like circumstances, compel the purchaser to account for the difference in value.

In *First Nat. Bank* v. *Smith,* 149 Ind. 443, the complaint alleged that the conveyance was made without any actual consideration whatever, and for the purpose of and with the intent to cheat, hinder, and delay the creditors of the grantor, including the plaintiff, and also alleged the grantee's knowledge of the fraudulent intent. It was said by the court that if the want of consideration for the conveyance, or the knowledge on the part of the grantee of the fraud about to be practiced on the grantor's creditors, were established by the evidence, then the law would impute fraud also to the grantee, and the deed should be set aside. The court, also, after showing that the evidence did not prove bad faith on the part of the grantee, said that the evidence did not establish the allegation that the deed was wholly without consideration, but it was said that when the consideration, even though considerable in amount, was yet wholly inadequate as compared with the value of the property conveyed, the rule ought not to be different from a case where nothing was paid for the deed. See, also, *Marmon* v. *White,* 151 Ind. 445, 451.

There was no evidence as to the value of the life estate reserved by the mother, or as to the value of the remainder in fee simple after the termination of the life estate. Before the commencement of the action, Mrs. Jameson, by the terms of the conveyances, had, as a result of the transaction, a life estate in the real estate which had not cost her anything of value, and the appellant Willard had the remainder in fee simple. At the commencement of the action, the debtor had been wholly devested of his title, and the property had been wholly taken from the reach of creditors, and the amount of the valuable consideration involved in effecting that condition was the amount of the mortgage for $800. Estimating the property at $2,500, the creditors had been deprived of $1,700, and estimating it at $2,000, they had been deprived of $1,200, as the outcome of the transaction, which the court might find upon the evidence was instigated and carried through by the fraudulent debtor, the first grantee being used by him as an instrument for passing the title in fee simple to the last grantee, both of the grantees being passive recipients of the property at the instance of the debtor. If the debtor could be regarded as a resident householder, and held to be entitled to an exemption of $600, it is manifest that an appreciable injury would be suffered by the appellee because of the diversion of the creditor's property, and the appellee would be appreciably benefited by setting aside the conveyances and at the same time protecting the mortgage assumed in the second conveyance.

We find no available error. Judgment affirmed.