GRIFFITH STATE BANK *v.* CLARK ET AL.

[No. 15,124.   Filed January 28, 1936.   Modified
February 10, 1936.]

*Herbert T. Johnson, Miller, Mullen & Krueger* and
*Ora L. Wildermuth,* for appellant.

*Sheehan & Lyddick* and *Lot B. Clark,* for appellees.

WIECKING, J.—In this action below the appellant filed
an action in two paragraphs, the first upon a note of
$600.00, and the second upon a note of $3,000.00, and to
set aside a conveyance of real estate from J. Ruskin
Clark and Harriet R. Clark, his wife, to Lot B. Clark
on the ground that such conveyance was fraudulent as
to creditors, and in attachment. All of the parties de-
fendant were non-residents. The parties were notified
by publication and subsequently defaulted and on the
12th day of December, 1929, the Lake Superior Court
entered judgment for the appellant setting aside the con-
veyance to Lot B. Clark as fraudulent and ordering the
sale of the real estate described upon execution to sat-
isfy the judgment. The real estate was sold at sheriff's
sale on February 28, 1930, and the appellant became
the purchaser at that sale for the sum of $3,776.16. No
redemption was made from the sheriff's sale and after
the year of redemption had expired the appellant re-
ceived a sheriff's deed to the property. On the 26th
day of August, 1931, the appellees Lot B. Clark and
Matilda Clark filed their verified petition and applica-
tion to set aside the default as to them and tendered
their answer in general denial. The court granted their
petition to vacate the default and open the judgment on

October 2, 1931, and the named appellees filed their answer in general denial. Thereafter said appellee Lot B. Clark filed a cross-complaint in two paragraphs, the first seeking to quiet the title in him to the real estate in question and the second for ejectment and damages. The venue of the action was then changed to Porter County and later to the LaPorte Superior Court. The appellant then filed an amended second paragraph of complaint and a third, fourth, and fifth paragraph of complaint. The amended second paragraph of complaint was substantially the same as set out above, the third alleged the transfer of the real estate to Lot B. Clark without adequate consideration, the fourth paragraph that such conveyance was a conveyance in the form of a secret trust and the fifth paragraph that such conveyance was actually only a mortgage to secure a loan of money from Lot B. Clark to J. Ruskin Clark and that such mortgage was fraudulent as to creditors. The appellant also filed an answer in seven paragraphs to the cross-complaint of Lot B. Clark. The first five paragraphs of answer were addressed to the first paragraph of appellee's cross-complaint and of these the first paragraph was in general denial, the second, third, fourth, and fifth paragraphs alleged substantially the same facts as the similar paragraphs of appellant's complaint. The sixth paragraph of answer was in general denial of the second paragraph of cross-complaint and the seventh paragraph of answer to the second paragraph of cross-complaint set up the source of appellant's title. The issues were closed by the parties including the Methodist Episcopal Church of Griffith filing answers and replies in general denial and the filing of a disclaimer by J. Ruskin Clark and Harriet Clark in answer to the cross-complaint of Lot B. Clark. The cause was submitted to the LaPorte Superior Court without intervention of a jury. The court found the facts specially and stated

seven conclusions of law. The appellant excepted separately to the first, second, fourth, fifth, and seventh conclusions of law and appellee excepted separately to each conclusion of law. Judgment on the conclusions of law was entered by the court. Within thirty days the appellant filed its motion for new trial alleging that the finding and the decision of the court were not sustained by sufficient evidence and were contrary to law. The appellant also filed a motion to modify the judgment. Both the motions were overruled by the court and the appellant appeals to this court assigning as error that the court below erred in the first, second, fourth, fifth, and seventh conclusions of law, that the court erred in overruling the motion to modify the judgment, and in overruling appellant's motion for new trial. The appellee Lot B. Clark has assigned as cross-error that the court below erred in each conclusion of law.

Such conclusions of law were as follows:

"1. The deed from J. Ruskin Clark and Harriet R. Clark, his wife, to Lot B. Clark of Lots 24 and 25, in Block 5, as marked and laid down on the recorded plat of Midway Addition to Griffith, Indiana, for a consideration of $4,000.00, all as found in Finding No. 2, is in legal effect a mortgage.

"2. The defendant, Lot B. Clark, is a mortgagee in good faith, for value, of said property, described in Finding No. 2, in the sum of $4,000.00, plus interest at the rate of 5½% per annum from January 21st, 1931.

"3. That the foreclosure of the attachment lien by the plaintiff in Lake Circuit Court on the 6th day of September, 1929, and the sale of the real estate, described in Finding No. 2, by the sheriff of Lake County, Indiana, on February 28th, 1930, was a valid sale and upon the delivery of said sheriff's deed to the plaintiff vested all legal title to said property in the plaintiff.

"4. Plaintiff's legal title is subject, however, to the mortgage of Lot B. Clark, as set forth in Legal Conclusion No. 2.

"5. That the lien of the mortgage of Lot B.

Clark, as herein declared and constituted, is a prior lien on the property described to the attachment lien of the plaintiff herein and subsequent proceedings thereunder.

"6. The defendant, Lot B. Clark, is entitled to recover nothing of his cross-complaint against the plaintiff and on his cross-complaint against the cross-defendant, Methodist Episcopal Church of Griffith, Indiana, and said church is entittled to recover its costs herein laid out and expended against the defendant, Lot B. Clark.

"7. Plaintiff and the defendant, Lot B. Clark, are each to pay their own costs."

The sole question presented here by this appeal is as to the nature of a certain deed executed by J. Ruskin Clark and Harriet R. Clark to Lot B. Clark in January, 1929, and before the commencement of this action.

The evidence is undisputed that J. Ruskin Clark, who was then living in Dundee, Illinois, got in touch with a sister in Carthage, Illinois, in regard to raising $4,000.00 for a business venture in California. That he later went to Carthage, taking with him a deed and a mortgage, each duly executed but leaving the name of the grantee or mortgagee to be inserted. He then for the first time learned that his father, Lot B. Clark, had made arrangements to furnish him the money. The father was then over eighty years of age, was of sound mind and experienced in real estate transactions and well understood the difference between a mortgage and a deed and the effect of each. The father chose to accept the deed to the property, his name was filled in in the blank space as grantee and he paid the sum of $4,000.00 to his son, J. Ruskin Clark. At that time the property was worth $7,250.00. There was a mortgage of $3,500.00 of record against the property at the time of the execution of the deed, but this was released on January 23, 1929, by a release executed on August 8, 1928. The appellee Lot B. Clark at the time of the execution of the deed knew

nothing about the financial affairs of J. Ruskin Clark nor of the indebtedness to the appellant. At the time of the delivery of the deed to Lot B. Clark, he and J. Ruskin Clark entered into a written agreement as follows:

"Carthage, Illinois,
January 21, 1929.

"This indenture witnesseth that the following agreement has this day been entered into by Lot B. Clark and J. Ruskin Clark as a result of the purchase by said Lot B. Clark from J. Ruskin Clark of the following described property for the sum of Four Thousand and no/100 Dollars ($4,000.00) to-wit:

"Lots 24 and 25, Block 5, Midway Addition to Griffith, Lake County, Indiana.

"Therefore the said Lot B. Clark agrees to resell to the said J. Ruskin Clark or his assigns the above mentioned property for the same sum of Four Thousand Dollars ($4,000.00) at any time requested by him, and to provide a good and sufficient title thereto by Warranty Deed and the surrender of Abstract of Title thereto which has this day been furnished herewith by said J. Ruskin Clark.

"Said J. Ruskin Clark further binds himself to pay said Lot B. Clark an annual rental for said property of ($220) Two Hundred and Twenty and No/100 Dollars; to pay all taxes and special assessments thereon; to care for the property by making such repairs as are needed from time to time; to keep the property insured against Fire and Tornado, in an amount no less than Four Thousand Dollars; and to handle other and all matters connected therewith.

"Witness our hands and seals this 21st day of January, 1929.

Signed: J. RUSKIN CLARK.
Signed: L. B. CLARK.

Witnesses: J. Johansen,
Mrs. J. Johansen."

This agreement was never placed of record.

After the execution of the agreement set out, J. Ruskin Clark continued to rent the property and collect the

rents therefrom until the 28th day of February, 1930, and paid Lot B. Clark $220.00 a year for two years, and also continued to offer the property for sale during that period at $7,500.00.

We find no error in the action of the court in overruling the motion to modify the judgment. The judgment of the court followed the finding of facts and the conclusions of law laid down by the court. *Hartzell* v. *Hartzell* (1906), 37 Ind. App. 481, 486, 76 N. E. 439.

We have examined the record carefully as well as the condensed recital of evidence set out in appellant's brief and find that there is sufficient evidence to sustain all of the findings of the court.

The sole question remaining upon the assignment of errors and cross-errors is whether the decision of the court is contrary to law and whether the court erred in its conclusions of law. Both assignments of error present the same question.

If the pleadings justify the conclusions of law announced by the court there can be no doubt of their being correct. The civil code of Indiana has abolished the distinction between actions at law and bills in equity. Burns Indiana Statutes Annotated 1933, Section 2-101; *Lesh* v. *Bailey* (1912), 49 Ind. App. 254, 95 N. E. 341.

Both the appellant's fifth paragraph of complaint and its fifth paragraph of answer to the cross-complaint of Lot B. Clark asked the court to find that the deed executed by J. Ruskin Clark to Lot B. Clark was in fact a mortgage to secure a loan. This the court has done and the special finding of facts sustain the conclusions of law upon that subject. It is argued that if the deed in question is a mortgage then the action of the court in approving the prior sale at sheriff's sale should also be set aside. We do not agree with this contention. The court having found the deed to be in fact

a mortgage, the legal title remained in J. Ruskin Clark and Harriet R. Clark subject to such mortgage and that interest alone was sold under the findings of the court.

An action to set aside a conveyance as in fraud of creditors is equitable in nature and so is an action to quiet title to real estate. These are the principal matters in controversy in this action, the notes being only incidental and hence this whole action is drawn into equity. *Lesh* v. *Bailey, supra.* The evidence in this case without controversy establishes the fact and the court found as a fact that the appellee Lot B. Clark knew nothing about the financial affairs of his son or about the indebtedness sued upon in this action. Therefore, the sole theory as to him upon which the conveyance could be set aside is that of "constructive fraud."

A court of equity is one of flexible jurisdiction and as such it may properly set aside a conveyance as fraudulent in law when the disparity between the purchase price and the actual value of the property is large enough to be legally injurious to creditors of the grantor and so to constitute a fraudulent conversion of the debtor's property, but in so doing it should safeguard the interests of the purchaser who was guilty of no actual fraud. The rights of Lot B. Clark as to his interest in the property conveyed are quite as sacred as those of the appellant. *First National Bank of Frankfort, Indiana* v. *Smith et al.* (1898), 149 Ind. 443, 49 N. E. 376.

The proper rule as to the position of one who is guilty only of "constructive fraud" has been heretofore stated by this court in the following statement, which we approve:

"When it is established that a grantee has taken a conveyance of a debtor's property, under circumstances which make him guilty of positive fraud,

and that the transaction was fraudulent in fact, the conveyance will be deemed absolutely void as to creditors, and will not be permitted to stand even as indemnity for what the grantee may have paid. If, however, a court of equity finds that property has been purchased from a failing debtor, without any positive fraud on the part of the purchaser, and yet under circumstances as make it highly injurious and inequitable as to creditors that the transaction should stand, *a conveyance may be set aside upon such terms as will protect a purchaser whose purchase is only constructively fraudulent.* In the one case, the transaction is fraudulent in fact, and the conveyance is utterly void as to creditors, and cannot be permitted to stand for any purpose. In the other, the conveyance is fraudulent by construction of law, *and is set aside upon consideration of public policy only, and then upon the condition that the equities of the purchaser who was guilty of no actual fraud be protected.* Blair v. *Smith, supra; Chamberlin* v. *Jones, supra; Clements* v. *Moore,* 6 Wall. 299, 312; *Tompkins* v. *Sprout,* 55 Cal. 31; *Coiron* v. *Millaudon,* 19 How. 115; *Drury* v. *Cross,* 7 Wall. 299." (Our italics.) *Smith et al.* v. *Selz et al.* (1888), 114 Ind. 229, 234, 16 N. E. 524.

We are of the opinion that the decision of the trial court in this case follows the above rule and was not contrary to law, nor was there any error in any of the conclusions of law announced by the court.

The death of Lot B. Clark, one of the appellees herein, since the submission of this cause having been suggested, the judgment in this cause is affirmed as of the date of submission.