Bechara NADER, Transferee, Petitioner,

v.

COMMISSIONER OF INTERNAL REVENUE, Respondent.

No. 14061.

United States Court of Appeals Seventh Circuit.

Sept. 25, 1963.

Albert W. Zimmermann, Lucien L. Dunbar, Indianapolis, Ind. (Dunbar & Dunbar, Indianapolis, Ind., of counsel), for petitioner-appellant.

Louis F. Oberdorfer, Asst. Atty. Gen., Alan D. Pekelner, Lee A. Jackson, Harold C. Wilkenfeld, Attys., Dept. of Justice, Washington, D. C., for respondent.

Before SCHNACKENBERG, KNOCH, and SWYGERT, Circuit Judges.

SWYGERT, Circuit Judge.

The Commissioner of Internal Revenue determined that petitioner, Bechara Nader, is liable as transferee of certain as-

sets of George J. Deeb, Sr. and Charline Deeb in the amount of $9,938.90 plus interest. The sum represents income taxes owed by the Deebs for the years 1948, 1952, and 1953. The assets were transferred by deed on August 2, 1955, and consisted of approximately twenty-four acres of vacant unimproved land located in Indianapolis, Indiana.

Petitioner sought a redetermination in the Tax Court. That court sustained the Commissioner and this petition for review followed.

The question presented to us is whether the conveyance was fraudulent as to the creditors of the grantors under Indiana law; and, therefore, whether petitioner is responsible as transferee under Section 311 of the Internal Revenue Code of 1939 (26 U.S.C. 1952 ed., § 311) for the tax liability of the Deebs to the extent that the fair market value of the property exceeded the amount petitioner paid for it.

We undertake only a summarization of the facts which are set forth fully in the Tax Court's memorandum findings of fact and opinion. T.C. Memo. 1962–156.

On August 2, 1955, George J. Deeb, Sr. and his wife owed delinquent federal income taxes including interest thereon in excess of $200,000. They were hopelessly insolvent. On that day the Deebs conveyed for a consideration of $11,500 the twenty-four-acre tract to petitioner, the brother-in-law of George J. Deeb, Sr.

The Tax Court found, after "considering and weighing all the evidence," that the fair market value of the property at the time of the conveyance was not less than $35,000. The court had before it evidence as to the characteristics of the property and factors affecting the value of real estate located in the vicinity; of sales of nearby property, closely related in time to the conveyance in question;

and the testimony of expert witnesses. In addition, there was evidence of potential buyers willing to offer $36,000 for the tract. "Most persuasive," the Tax Court said, "was the evidence that, shortly prior to the material valuation date, there were at least two financially responsible persons who were willing and actually had attempted to purchase the subject property at $1,500 per acre."

■ We are satisfied that the Tax Court's determination of the fair market value of the subject property was based on substantial evidence and that it was not clearly erroneous.

In accordance with Commissioner v. Stern, 357 U.S. 39, 78 S.Ct. 1047, 2 L.Ed. 2d 1126 (1958), the Tax Court applied Indiana law to the facts and determined that the conveyance was fraudulent as to the creditors of the transferors (including the United States), thereby rendering the transferee (petitioner) liable to the extent of the excess of the fair market value of the property over the amount he had paid for it.

Petitioner contends that under Indiana law a transfer of property cannot be deemed fraudulent without a specific finding of an intent on the part of the transferor to defraud his creditors, and that the Commissioner failed to prove the Deebs had such intent when they sold the subject property for $11,500. In support thereof, he cites Burns Ind.Stat.Ann. § 33–408 (1949 Repl.).[1] He also says that there can be no presumption of intent to defraud creditors and that there is no evidence in the record which would render the transferee liable to the government under Indiana law.

■ After an examination of the cases decided by the Indiana appellate courts, we conclude that the law of Indiana does not require direct and positive proof of

---

1. Section 33–408 reads:
"Conveyances and acts to defraud creditors.—All conveyances or assignments, in writing or otherwise, of any estate in lands, or of goods or things in action, every charge upon lands, goods or things in action, and all bonds, contracts, evidences of debt, judgments, decrees, *made or suffered with the intent to hinder, delay or defraud creditors* or other persons of their lawful damages, forfeitures, debts or demands, shall be void as to the persons sought to be defrauded." (Emphasis added.)

an intent to defraud creditors to make a transfer of property subject to creditors' rights. In Jameson v. Dilley, 27 Ind.App. 429, 61 N.E. 601, at 602 (1901), citing Smith v. Selz, 114 Ind. 229, 16 N.E. 524, this significant language appears:

> \* \* \* [I]f a court of equity finds that property has been purchased from a failing debtor, without any positive fraud on the part of the purchaser, and yet *under such circumstances as to make it highly injurious and inequitable as to creditors that the transaction should stand,* a conveyance may be set aside upon such terms as will protect a purchaser whose purchase is only tion, a court of equity may set aside constructively fraudulent; that, in the exercise of its flexible jurisdic-*a conveyance as fraudulent in law,* when the disparity between the actual value of the property conveyed and the purchase price is so great as to be legally injurious to creditors, and to constitute a fraudulent diversion of the debtor's property; or it may, under like circumstances, *compel the purchaser to account for the difference in value.* (Emphasis added.)

In a later case, Griffith State Bank v. Clark, 101 Ind.App. 458, 199 N.E. 447, 450 (1936), the court said:

> When it is established that a grantee has taken a conveyance of a debtor's property under circumstances which make him guilty of positive fraud, and that transaction was fraudulent in fact, the conveyance will be deemed absolutely void as to creditors, and will not be permitted to stand even as indemnity for what the grantee may have paid. If, however, a court of equity finds that property has been purchased from a failing debtor without any positive fraud on the part of the purchaser, and yet under such circumstances as make it highly injurious and inequitable as to creditors that the transaction should stand, *a conveyance may be set aside upon such terms as will protect a purchaser whose purchase is only constructively fraudulent.* In the one case the transaction is fraudulent in fact, and the conveyance is utterly void as to creditors, and cannot be permitted to stand for any purpose. In the other, the conveyance is fraudulent by construction of law, *and is set aside upon considerations of public policy only, and then upon the condition that the equities of the purchaser, who was guilty of no actual fraud, be protected.*

We believe that petitioner has failed to recognize the distinction between the Indiana statute by which a transfer of property can be voided only on proof of fraudulent intent and the cases which hold that a transferee may be accountable in equity for the excess over the sum he paid where the circumstances show that the difference between the amount paid and the actual value is so great as "to shock our sense of natural justice." First Nat'l Bank of Frankfort v. Smith, 149 Ind. 443, 444, 49 N.E. 876 (1898).

■ The statutory requirement of proof of actual intent to defraud creditors is not applicable to cases involving what may be termed constructive fraud. The doctrine of constructive fraud was applied in Leader Pub. Co. v. Grant Trust & Savings Co., 182 Ind. 651, 108 N.E. 121 (1915). The court stated:

> Constructive fraud, or legal fraud, arises by acts or course of conduct which, if sanctioned by law, would, either in the particular case or in common experience, secure an unconscionable advantage, irrespective of the existence of evidence of actual intent to defraud. It is where the law infers fraud from the relationship of the parties and the circumstances which surround them independent of the intention. In actual fraud intent is an element of primary importance, whereas in constructive fraud it is of no significance. Fraud in law is what the law condemns, from all the facts and circumstances surrounding a transaction, and is

synonymous with constructive fraud.

This is not a case where the Commissioner is attempting to void the conveyance under the Indiana statute cited above; rather, he is seeking to collect from petitioner the difference between the actual consideration and the fair market value to the extent of the income tax deficiencies for the years 1948, 1952, and 1953 plus interest assessed against George J. Deeb, Sr. and Charline Deeb.

We hold that the Tax Court correctly determined upon the facts and circumstances shown in the record that the conveyance of the subject property was fraudulent under Indiana law.

The decision of the Tax Court is affirmed.