BRIAN P. HATCHER, Petitioner v. COMMISSIONER OF INTERNAL REVENUE, Respondent.
Hatcher v. Commissioner
Docket No. 18162-81.
United States Tax Court
T.C. Memo 1983-192; 1983 Tax Ct. Memo LEXIS 595; 45 T.C.M. (CCH) 1244; T.C.M. (RIA) 83192; April 7, 1983. Bonnie L. Cameron, for the respondent. *596 DRENNEN
MEMORANDUM FINDINGS OF FACT AND OPINION DRENNEN, Judge: Respondent determined that petitioner Brian P. Hatcher was liable as a transferee of Edwin P. Hatcher to the extent of $1,943.11. [1] The sole issue for decision is whether petitioner is liable under section 6901 [2] as a transferee of assets, for the deficiency in income taxes, interest, and additions to tax due from the transferor, Edwin P. Hatcher. FINDINGS OF FACT Petitioner Brian P. Hatcher (petitioner) resided in Dearing, Ga., at the time the petition was filed. On March 20, 1978, respondent sent to the transferor, Edwin P. Hatcher (Edwin), petitioner's father, a statutory notice of deficiency for 1976 determining a deficiency in income tax of $1,622 and an addition to tax under section 6653(a) of $81. On July 28, 1978, Edwin filed with this Court a petition requesting a redetermination of the deficiency and addition *597 to tax. This case was tried and decided against Edwin in docket No. 6385-78 on March 6, 1979, for the full amount of the income tax deficiency and section 6653(a) addition to tax. On October 18, 1979, the Internal Revenue Service served a summons on Edwin requiring him to furnish information as to his assets and liabilities to aid it in the collection of the 1976 tax liability. Edwin did not comply with the summons. The Internal Revenue Service then attempted to locate assets belonging to Edwin by searching the county records where Edwin's residence was located for property belonging to either Edwin or his spouse. Although Edwin and his spouse did not have any real property listed in their names, [3] it was discovered that Edwin had transferred 9.52 acres of real property to petitioner on March 19, 1977. Edwin had originally purchased this property in April 1973 at a cost of $3,900. The transfer of the real property by Edwin to petitioner was for "love and affection" and was thus without consideration. On the date of the transfer, the real property *598 had a fair market value of $4,750, and was subject to a prior encumbrance of $865, for a net value of $3,885. At the time of the transfer, Edwin was indebted to the Federal Government for income taxes for 1974, 1975, and 1976 in the total amount of $5,678.57. A Federal tax lien which encompassed unpaid 1974 and 1976 income taxes was filed against Edwin. In addition, a notice of levy was served on Edwin's employer for any amounts due Edwin. However, since Edwin had no real property listed in his name in the county of his residence, and since he had recently quit his job and no funds were due him, these actions did not result in the collection of any of the taxes due. On April 15, 1981, respondent issued a notice of transferee liability to petitioner. Neither petitioner nor Edwin appeared personally or through counsel at the trial of this case. OPINION The only issues is whether petitioner is liable as a transferee of assets for income tax, interest, and addition to tax due from the transferor, Edwin P. Hatcher, for the taxable year 1976 in the total amount of $1,943.11. Section 6901(a)(1)(A) provides that the liability, at law or in equity, of the transferee of property *599 for the taxes of the transferor may be assessed, paid, and collected in the same manner as in the case of the taxes with respect to which the liability was incurred. This provision merely provides a procedure by which respondent may collect taxes. Commissioner v. Stern,357 U.S. 39, 42-45 (1958). Whether a transferee is actually liable for the unpaid tax liability of the transferor is determined under State law. Commissioner v. Stern,supra;Segura v. Commissioner,77 T.C. 734 (1981). Respondent has the burden of proving that petitioner is liable as a transferee. Sec. 6902(a). Rule 142(d). [4] Petitioner bears the burden of proving that the transferor was not liable for the unpaid tax liability. Rule 142(d). [5]
The State law applicable in the instant case is that of Georgia.Ga. Code Ann. sec. 18-2-22, provides in pertinent *600 part that: The following acts by debtors shall be fraudulent in law against creditors and others and as to them shall be null and void: (3) Every voluntary deed or conveyance, not for a valuable consideration made by a debtor who is insolvent at the time of the conveyance. [6]
A debtor is insolvent within the meaning of this section, if after the voluntary deed or conveyance, property left or retained by the debtor is not ample to pay his existing debts. Chambers v. Citizens & S. Nat'l Bank,242 Ga. 498, 249 S.E.2d 214 (1978). A conveyance fraudulent to creditors in violation of section 18-2-22, Ga. Code Ann. *601 , may be set aside. United States v. Hickox,356 F.2d 969 (5th Cir. 1966). This remedy is available to any creditor at the time of the transfer who thereafter reduces his claim to a judgment lien. [7]United States v. Hickox,supra at 972. Once the conveyance is set aside title to the property remains with the judgment debtor subject to judgments subsequently obtained. Coleman v. Law,170 Ga. 906, 154 S.E. 445 (1930). In the instant case, it is clear that the voluntary conveyance by Edwin to petitioner in consideration for "love and affection" was not made for valuable consideration. Accordingly, if the transfer rendered Edwin insolvent, it may be set aside. At the time of the conveyance, *602 Edwin owed the Federal Government $5,678.57 in back taxes. Following the conveyance, respondent has presented evidence that Edwin did not have any real property to which a Federal tax lien could attach, and that Edwin was not due any funds from his employer which could be levied upon. Respondent also established that Edwin was not recorded as the owner of the house in which he resided. We believe that respondent has made a prima facie showing that after the transfer of the land to petitioner, Edwin did not have ample property left to pay his existing debts. [8] Accordingly, the transfer was fraudulent and could be set aside under State law. In addition to establishing that petitioner is liable as a transferee under State law, it is also necessary for respondent to prove that the transfer occurred during or after the period in which the tax in question applies, *603 and that all reasonable efforts have been made to collect the tax liability from the transferor before the proceeding against the transferee was commenced. [9]
Tax liabilities accrue when the taxable period ends, not when the tax is due and payable. Leach v. Commissioner,21 T.C. 70 (1953). [10] Thus, the liability of Edwin for his taxable year 1976 accrued on December 31, 1976, when his taxable year ended. The transfer of the real estate by Edwin to petitioner was made on March 19, 1977, and therefore the transfer of land occurred after the period in which the tax liability arose. It is also clear that respondent by serving a summons upon Edwin requiring him to furnish information as to his assets and liabilities, by searching the county records where Edwin resided for property belong to Edwin, and by recording a Federal tax lien and serving Edwin's employer with a notice of levy, made a reasonable effort to collect the tax liability from Edwin before proceeding against petitioner. Since respondent has established *604 all the necessary elements to show transferee liability, the only question remaining to be resolved is the amount of petitioner's liability. [11] Where property is transferred to a transferee without consideration, the transferee is liable for the transferor's deficiency, interest, and addition to tax to the extent the fair market value of the property at the time of the transfer exceeded the amount the transferee paid for it. Nader v. Commissioner,323 F.2d 139 (7th Cir. 1963), affg. a Memorandum Opinion of this Court. Kohler v. Commissioner,37 B.T.A. 1019 (1938). [12] At the time of the transfer, the property had a fair market value of $4,750 and was subject to a prior encumbrance of $865, for a net value of $3,885. This amount is sufficient to cover the asserted liability and, therefore, petitioner is liable for the entire amount of the deficiency, interest, and addition to tax. [13]
*605 Decision will be entered for the respondent.
Footnotes
1. The $1,943.11 consists of the following: Transferor's deficiency of $1,622, addition to tax under sec. 6653(a) of $81, and interest of $240. ↩
2. All section references are to the Internal Revenue Code of 1954, as amended and in effect for the taxable year in issue.↩
3. The house where Edwin and his family were residing was not listed under Edwin's or any member of his family's name.↩
4. All rule references are to the Tax Court Rules of Practice and Procedure. ↩
5. Since petitioner did not appear at trial, he has failed to meet this burden. Furthermore, the tax liability of the transferor has already been determined by a final decision of this Court.↩
6. Respondent also asserts that the conveyance made by Edwin violated paragraph 2 of sec. 18-2-22, Ga. Code Ann. which provides: "(2) Every conveyance of real or personal estate, by writing or otherwise, and every bond, suit, judgment and execution, or contract of any description had or made with intention to delay or defraud creditors, where such intention is known to the taking party; * * *" Due to our holding that the conveyance violated paragraph 3 of this section, it is unnecessary to decide this question.↩
7. As is discussed more fully herein, the Federal Government became a creditor of Edwin's at the end of 1976 when the income tax liability for 1976 arose. In addition, the Government became a lien creditor when the taxes were assessed. See secs. 6321 and 6322. Finally, the liability of Edwin has already been reduced to judgment. Therefore the remedy of Ga. Code Ann., sec. 18-2-22↩, is available to respondent.
8. Once respondent establishes the prima facie case of transferee liability, it is incumbent upon petitioner to come forth and present evidence in rebuttal. Nau v. Commissioner,27 T.C. 999 (1957), affd. 261 F.2d 362↩ (6th Cir. 1958). Petitioner who did not appear at trial has not done so.
9. Saba v. Commissioner,T.C.Memo. 1979-397↩.
10. See also LeFay v. Commissioner,T.C.Memo. 1982-420↩.
11. The elements necessary to establish transferee liability have been expressed in a variety of ways by the courts. A comprehensive list includes the following: (1) The transfer of property must be made during or after the period for which the liability in question has accrued, (2) The transferor must have been liable, (3) All reasonable efforts must have been made to collect the tax liability from the taxpayer before the proceeding against the transferee is commenced, (4) There must have been a transfer of assets having value to the transferee from the transferor or from some preceding transferee (the transfer might be one in a series of distributions which eventually rendered the transferor insolvent), (5) This transfer of assets must have left the transferor insolvent * * *, See 9 Mertens, Law of Federal Income Taxation, sec. 53.06. pp. 10-11. Each of these elements has been established in the instant case. ↩
12. See also Saba v. Commissioner,supra.↩
13. Petitioner is his petition made several confusing constitutional arguments. Since petitioner did not appear at trial to raise these issues or raise them by brief, we deem them waived. We also refer petitioner to Philips v. Commissioner,283 U.S. 589↩ (1931).