## In the Matter of Hannah Marie DELAGRANGE.

**Ward MILLER, Trustee,**

v.

**Judith Ann McKINLEY and Hannah Marie Delagrange, Appellants.**

Bankruptcy No. 79–10701.
Adv. No. 80–1019.
Civ. No. F 83–280.

United States District Court,
N.D. Indiana,
Fort Wayne Division.

Aug. 25, 1986.

George Martin, Ward W. Miller, Fort Wayne, Ind., for appellants.

David Peebles, James E. Springer, Fort Wayne, Ind., for trustee.

## ORDER

WILLIAM C. LEE, District Judge.

This matter is before the court on appeal from the bankruptcy court's order of April 24, 1986. The first issue on appeal is whether the bankruptcy court erred in amending the pre-trial order to include 11 U.S.C. § 544(b) (1979). The second issue is whether the bankruptcy court erred in

holding the debtor's transfer of property to her daughter constructively fraudulent. Both parties submitted briefs in support of their respective positions and oral arguments were heard on August 12, 1986. For the reasons set forth below the decision of the bankruptcy court is affirmed.

## Factual Background and Procedural Posture

On or about October 13, 1977, Hanna Marie Delagrange (the debtor) conveyed real estate located in Allen County, Indiana, to her daughter, Judith Ann McKinley (daughter). As consideration the debtor received a life estate and her daughter's oral promise that she and her husband would take care of her mother for the rest of her mother's life. The bankruptcy court noted that in the debtor's view, as further consideration for the conveyance, her daughter worked in the Delagrange family enterprises. After the October 13, 1977 conveyance the daughter sold the real estate and purchased another home (which the debtor lived in) with the sale proceeds.

At the time of the conveyance the debtor's income totaled approximately $3,500.00. Her assets included the home, in which she had $29,611.34 equity; a $1,300.00 certificate of deposit; a checking account balance of $700.00 to $800.00; and a car.

The bankruptcy court's opinion notes that First Federal Savings and Loan recovered a foreclosure judgment against the debtor on real estate located in Elkhart County, Indiana, on April 10, 1978. The bankruptcy court further noted that at the time of the transfer the debtor was aware of her obligations as a personal guarantor of Delagrange Buildings, Inc., in the amount of $8,000.00 to Fort Wayne National Bank and $49,000.00 to Lincoln National Bank. While the Fort Wayne National Bank had determined that it would not pursue the debtor on her personal guarantee, prior to the transfer in question, a few weeks after the conveyance, Lincoln National Bank filed a complaint on a note and mortgage foreclosure action. Additionally,

according to the bankruptcy court's opinion, the debtor owed $8,800.00 to the Grabill Bank at the time of the transfer. Finally, People's Trust Bank filed a complaint on a promissory note against the debtor, the debtor's son, and Delagrange Builders, demanding $13,716.49.

In light of these facts the trustee (appellee herein) filed a complaint to avoid fraudulant transfer in the bankruptcy court on February 6, 1980. While the complaint indicated that the trustee was proceeding pursuant to 11 U.S.C. § 544(a) of the Bankruptcy Code, the trustee's brief raised arguments under 11 U.S.C. § 544(b) as well. In a hearing held on November 6, 1980, after objection to the trustee's reliance on 11 U.S.C. § 544(b) by the appellants, the trustee agreed to proceed under 11 U.S.C. § 544(a). On May 28, 1981, the bankruptcy judge found in favor of the trustee under 11 U.S.C. § 544(a) and entered judgment accordingly. The bankruptcy court denied a subsequent motion to alter or amend the judgment on July 26, 1983, and reaffirmed its decision, holding that the conveyance could be set aside and its judgment sustained under 11 U.S.C. § 544(a)(3). An appeal was then taken to this court.

In an order dated June 29, 1984, this court held that the bankruptcy court erred in setting aside the conveyance pursuant to 11 U.S.C. § 544(a)(3). This court further held that the bankruptcy court should consider the applicability of 11 U.S.C. § 544(a)(1) and the modification of the pretrial order to provide for recovery under 11 U.S.C. § 544(b). Following a motion to alter or amend the judgment, this court reaffirmed its decision and remanded the case to the bankruptcy court.

On remand, the parties stipulated that the facts were not sufficient to establish liability under 11 U.S.C. § 544(a)(1). The bankruptcy court then held that the pre-trial order should be amended to provide for recovery under 11 U.S.C. § 544(b) and that the conveyance was constructively fraudulent under 11 U.S.C. § 544(b) pursuant to the substantive state law as set forth in

*Nader v. C.I.R.*, 323 F.2d 139 (7th Cir. 1963). This appeal followed.

## Decision

### Amendment of the Pre-Trial Order

■ Appellants' argument that the bankruptcy court erred in amending the pre-trial order, to provide for recovery under 11 U.S.C. § 544(b), appears to ignore this court's order of June 29, 1984. First, appellants argue that 11 U.S.C. § 544(b) cannot be tried by the actual or implicit consent of the parties. That is not an issue on this appeal. Appellants also suggest that this court overlooked appellee's agreement to proceed solely under 11 U.S.C. § 544(a) when appellee refused to agree to a continuance. Appellants' argument is erroneous. This court expressly held, in its June 29, 1984 opinion, that the bankruptcy court should consider appellants' contention that appellee agreed in a pre-trial hearing to proceed under 11 U.S.C. § 544(a).

This court's order of June 29, 1984 instructed the bankruptcy court to consider four factors in determining whether or not the pre-trial order should be modified. Those factors included:

1. The degree of prejudice to the trustee resulting from failure to modify;
2. The degree of prejudice to debtor from a modification;
3. The impact of a modification at that stage of the litigation on the orderly and efficient conduct of the case; and
4. The degree of willfulness, bad faith or inexcusable neglect on the part of the trustee.

In its April 24, 1986 decision, the bankruptcy court thoroughly analyzed each of the four factors before concluding that the pretrial order should be amended.

In its April 24, 1986 opinion, the bankruptcy court noted that the parties submitted the following stipulations on July 9, 1985:

(1) If the case were tried or retried under 11 U.S.C. § 544(b), the court's fact findings would be identical to those (except for the amount of recovery) contained in its May 28, 1981 order, and the parties believe there would be no need to replow the same ground;

(2) Neither the defendants nor the plaintiff would present further factual evidence regarding the remand;

(3) The parties stipulate (as a legal concession) that the facts found by the court are not sufficient to establish liability under 11 U.S.C. § 544(a)(1); and

(4) The parties stipulate there was no willfulness or bad faith on the part of the trustee with the inclusion of "544(a)" in the original complaint and (pre)-trial order.

After filing the above stipulations, the trustee filed his brief in support of amending the pre-trial order and in support of finding for the trustee under 11 U.S.C. § 544(b). The defendants/appellants did not file a brief.

This court agrees that the pre-trial order should have been amended and affirms the bankruptcy court on that point. As the bankruptcy court noted in its opinion, 11 U.S.C. § 544(b) may be the only remedy left to the trustee. On remand the parties stipulated that 11 U.S.C. § 544(a)(1) does not support recovery and this court held in its June 29, 1984 opinion that 11 U.S.C. § 544(a)(3) does not support recovery. While prejudice to the trustee is therefore great, if the pre-trial order is not amended, the appellants offered no evidence of how they might be prejudiced by amending the order. While examining the third factor outlined by this court, the bankruptcy court properly noted that the impact of a modification on the orderly and efficient conduct of the case would not interfere with the expeditious handling of the case, as the parties stipulated that no further evidence would be presented if the case were retried pursuant to 11 U.S.C. § 544(b). The appellants' argument against modification is particularly unpersuasive in view of the appellants' refusal to present further evidence or argument to relieve any undue surprise resulting from the modification. Finally,

because the parties stipulated that there was no willfulness or bad faith on the part of the trustee in including 11 U.S.C. § 544(a) in the complaint and pre-trial order, it cannot seriously be argued that the trustee exercised willfullness, bad faith, or excusable neglect. For those reasons, the bankruptcy court's amendment of the pre-trial order to include 11 U.S.C. § 544(b) is affirmed.

*Constructive Fraudulent Conveyance*

The court now turns to the second issue on review: whether the bankruptcy court erred in holding the debtor's transfer of property to her daughter fraudulent under 11 U.S.C. § 544(b). That provision, in its entirety, states:

> (b) The trustee may avoid any transfer of an interest of the debtor in property or any obligation incurred by the debtor that is voidable under applicable law by a creditor holding an unsecured claim that is allowable under section 502 of this title or that is not allowable only under section 502(e) of this title.

11 U.S.C. § 544(b). Section 544(b) contains no original substantive provisions to determine when the transfers of obligations of the debtor are voidable. *See* 4 *Collier on Bankruptcy* ¶ 544.03, at 544–14, 15 (15 ed. 1979). In this case, as in most cases, substantive state law applies.

In its original opinion (which was the first one appealed to this court) issued May 28, 1981, the bankruptcy court examined the elements of statutory fraud found in I.C. 32–2–1–14 and concluded that the necessary element of actual intent to defraud did not exist so that I.C. 32–2–1–14 could not support recovery. Pursuant to *Arnold v. Dirrim*, 398 N.E.2d 442 (Ind.App.1979), however, the court found a concurrence of badges of fraud creating an "overwhelming" presumption fraud. Generally, badges of fraud may evidence actual fraudulent intent. *Id.* 398 N.E.2d at 446–47. Both parties agree that the badges of fraud (outlined in *Arnold*) are present in this case. Both parties also strongly suggest that the bankruptcy court's original

opinion erroneously concluded that there was not sufficient evidence to support a finding of actual intent necessary for recovery under I.C. 32–2–1–14.

▇ The parties disagree, however, on the effect of the original opinion's failure to find actual fraud, while at the same time finding a presumption of fraud. Appellants argue that because the court's original ruling on I.C. 32–2–1–14 was not appealed from, and because Indiana common law (as they view it) does not allow for recovery except under I.C. 32–2–1–14, the appellee cannot now recover under 11 U.S.C. § 544(b), based on state constructive fraud principles. Indeed, appellants argue that the only cause of action under state law for fraudulent conveyance is based on the statute. Appellee argues, however, that the overwhelming presumption of fraud found by the bankruptcy judge can be used to support a cause of action under state constructive law principles. In essence, the arguments, and the outcome of this appeal, depend on whether Indiana law recognizes a non-statutory cause of action for fraudulent conveyance.

In *Nader v. C.I.R.*, 323 F.2d 139 (7th Cir.1963), which is critical to a proper determination in this cause, the court held:

> After an examination of the cases decided by the Indiana appellate courts, we conclude that the law of Indiana does not require direct and positive proof of an intent to defraud creditors to make a transfer of property subject to creditors' rights.
>
> \* \* \* \* \* \*
>
> We believe that petitioner has failed to recognize the distinction between the Indiana statute by which a transfer of property can be avoided only on proof of fraudulent intent and the cases which hold that a transferee may be accountable in equity for the excess over the sum he paid where the circumstances show that the difference between the amount paid and the actual value is so great as to shock our natural sense of "justice." (Citations omitted). The statutory re-

quirement of *proof of actual intent to defraud creditors is not applicable to cases involving what may be termed constructive fraud....*

*Nader,* 323 F.2d at 140–41 (emphasis added). In its April 24, 1986 opinion, the bankruptcy court affirmed its original conclusion that the badges of fraud were present in the debtor's transfer of property to her daughter, creating an overwhelming presumption of fraud. The court then went on to hold, pursuant to *Nader,* that the presumption of fraud was sufficient to sustain an action for constructive fraud. This court agrees.

Appellants cite to *Jackson v. Farmers State Bank,* 481 N.E.2d 395 (Ind.App.1985) and *Arnold v. Dirrim,* 398 N.E.2d 442 (Ind.App.1979), for the proposition that Indiana does not recognize common law fraudulent conveyance. The thrust of *Jackson* was not constructive fraud, but rather, whether proof of insolvency is an indispensible element of a fraudulent conveyance action. *Jackson,* 481 N.E.2d at 403–07. Moreover, contrary to appellants' assertions, *Jackson* does not hold that common law constructive fraudulent conveyance no longer exists; *Jackson* does not even address that issue. Indeed, the *Jackson* opinion relied on *Arnold v. Dirrim,* the same case relied on by the bankruptcy court here, to find a presumption of fraud sufficient to uphold the trial court's finding of fraudulent intent.

In oral argument, counsel for appellants urged that *Eyler v. C.I.R.,* 760 F.2d 1129 (11th Cir.1985), supported appellants' contention that Indiana law does not recognize constructive fraudulent conveyance. Like *Jackson, Eyler* never addressed constructive fraud. Rather, the court held that Indiana's fraudulent conveyance statute may be satisfied by circumstantial evidence of fraud. *Id.* at 1132. The court expressly rejected appellant's argument that Indiana requires specific intent to defraud. *Id.* at 1132. In both *Eyler* and the case at bar the circumstantial evidence of fraud, or badges of fraud, were clearly shown. While that evidence was used to support a

statutory cause of action for fraud in *Eyler,* it may just as well be used to support the bankruptcy court's finding of constructive fraud pursuant to *Nader.*

As *Eyler* clearly holds, the findings of circumstantial evidence, or badges of fraud, are factual findings, and cannot be reversed unless they are clearly erroneous on a review of the whole record. *Eyler,* 760 F.2d at 1132. The bankruptcy court's findings are not clearly erroneous and will not be reversed. Moreover, this court has found no state or federal precedent to indicate that constructive fraudulent conveyance is not a viable theory of recovery in this case.

Wherefore, the decision of the bankruptcy court is AFFIRMED in its entirety.